**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re )<br>)<br>KATHLEEN DAIGNEAULT, )<br>  Debtor )<br>_____)<br>)<br>)<br>KATHLEEN DAIGNEAULT, )<br>  Appellant )<br>)<br>v. )<br>)<br>)<br>DENISE PAPPALARDO, )<br>CHAPTER 13 TRUSTEE, )<br>  Appellee. )<br>)<br>)<br>_____) | Chapter 13<br>Case No. 02-46689-HJB<br><br>Bank. Appeal CA 05-30026-MAP |

**MOTION OF APPELLEE FOR ORDER CONSOLIDATING**
**APPEALS FOR ADMINISTRATIVE AND PROCEDURAL PURPOSES**

Appellee, Denise M. Pappalardo, the Standing Chapter 13 Trustee (the "Trustee") hereby moves that this Court consolidate the above-referenced appeal with the following appeals:

*In re Hector Rolon*, Bank. Appeal No. 05-30023-MAP;

*In re Peter Caci and Denise Caci*, Bank. Appeal No. 05-30024-MAP;

*In re Mark Bennett and Angela Bennett*, Bank. Appeal No. 05-30025-MAP;

*In re Marta Oyola*, Bank Appeal No. 05-30027-MAP;

*In re Stefan Davis*, Bank Appeal No. 05-30028-MAP; and

*In re Joseph LaFrance*, Bank Appeal No. 05-30021-MAP.

2. As grounds therefore, the Trustee incorporates the Assented To Motion of Appellee for Order Consolidating Appeals For Administrative and Procedural Purposes filed simultaneously herewith in *Joseph LaFrance v. Denise M. Pappalardo*, Case No. 05-30021-MAP and attached hereto as Exhibit "A".

3. Given the above, the Trustee requests that the within Motion be allowed.

WHEREFORE, the Trustee requests that this Court:

1. Consolidate the bankruptcy appeals; and

2. Grant such other relief as the Court deems just and necessary.

Respectfully submitted,

Standing Chapter 13 Trustee

Dated: 2/18/05

Denise M. Pappalardo
BBO # 553293
Joanne Psilos
BBO # 556997
P.O. Box 16607
Worcester, MA 01601
(508) 791-3300

## CERTIFICATE OF SERVICE

I, Joanne Zoto Psilos, Staff Attorney do hereby certify that a true and accurate copy of the attached Motion was served on the following parties on this date via first class mail, postage prepaid:

Joanne Zoto Psilos        Dated 2/18/05

Francis Lafayette, J.D.
P.O. Box 1020
Palmer, MA 01069

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>JOSEPH LAFRANCE,<br>                Debtor.<br><br>JOSEPH LAFRANCE,<br>                Appellant<br><br>v.<br><br>DENISE PAPPALARDO,<br>CHAPTER 13 TRUSTEE,<br>                Appellee. | Chapter 13<br>Case No. 02-42450-HJB<br><br>Bank. Appeal CA 05-30021-MAP |

## ASSENTED TO MOTION OF APPELLEE FOR ORDER CONSOLIDATING APPEALS FOR ADMINISTRATIVE AND PROCEDURAL PURPOSES

Appellee, Denise M. Pappalardo, the Standing Chapter 13 Trustee (the "Trustee") hereby moves that this Court consolidate the above-referenced appeal with the following appeals:

*In re Hector Rolon*, Bank. Appeal No. 05-30023-MAP;

*In re Peter Caci and Denise Caci*, Bank. Appeal No. 05-30024-MAP;

*In re Mark Bennett and Angela Bennett*, Bank. Appeal No. 05-30025-MAP;

*In re Kathleen Daigneault*, Bank Appeal No. 05-30026-MAP;

*In re Marta Oyola*, Bank Appeal No. 05-30027-MAP; and

*In re Stefan Davis*, Bank. Appeal No. 05-30028-MAP.

2. As grounds therefore, the Trustee states that the underlying facts and issues in each case are identical. On or about June 10, 2004, the Bankruptcy Court issued an order whereby

Attorney Lafayette was ordered to file a fee application within 120 days in each Chapter 13 and Chapter 7 case in the District of Massachusetts in which he appears on behalf of a debtor, but only if he has a claim for unpaid compensation or expense reimbursement either against the debtor or the estate.[1] On or about October 7, 2004, one day before the expiration of the deadline, counsel filed an Expedited Motion to Extend Time to File Fee Application (the "First Motion to Extend") alleging that health problems prevented him from filing the fee applications.[2] On or about October 12, 2004, the bankruptcy court allowed the First Motion to Extend and granted an extension of the deadline to December 8, 2004.[3] The bankruptcy court also set forth that "no further extensions would be granted absent extraordinary and unanticipated circumstances".

3. On December 8, 2004, Attorney Lafayette filed the Second Expedited Motion to Extend Time to File Fee Application seeking an extension of the deadline due to health concerns (the "Second Motion to Extend").[4] On or about December 13, 2004, the bankruptcy court denied the Second Motion to Extend (the "Denial Order").[5] Attorney Lafayette timely filed an appeal of the Denial Order.

4. By consolidating the appeals for administrative and procedural purposes, the issues in all appeals can be presented to the Court in an orderly fashion, the appellee would submit one brief, the appellant [appellee] would submit one reply brief, and the oral argument (if any) could be heard at the same time.

---

[1] Docket No. 94.

[2] Docket No. 125.

[3] Docket No. 126.

[4] Docket No. 138.

[5] Docket No. 140.

5. Given the above, the Trustee requests that the within Motion be allowed.

WHEREFORE, the Trustee requests that this Court:

1. Consolidate the bankruptcy appeals; and

2. Grant such other relief as the Court deems just and necessary.

Respectfully submitted,

Standing Chapter 13 Trustee

Dated: 2/18/05

Denise M. Pappalardo
BBO # 553293
Joanne Psilos
BBO # 556997
P.O. Box 16607
Worcester, MA 01601
(508) 791-3300

Assented to:

JOSEPH LAFRANCE

Francis Lafayette, J.D.
P.O. Box 1020
Palmer, MA 01069
(413)283-7785
BBO # 282960

Dated:_____

## CERTIFICATE OF SERVICE

I, Joanne Zoto Psilos, Staff Attorney do hereby certify that a true and accurate copy of the attached Motion was served on the following parties on this date via first class mail, postage prepaid:

_____  2/18/05
Joanne Zoto Psilos        Dated

Francis Lafayette, J.D.
P.O. Box 1020
Palmer, MA 01069